IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS ORLANDO HARMON, #543208, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0754 |
| ) | |
| BEVERLY P. SHARPE, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Louis Orlando Harmon, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint against defendant Beverly P. Sharpe. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.    Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.    Factual Allegations**

The complaint alleges only that the defendant, Beverly P. Sharpe, "had disciplinary authority over file no. 36341c-5-PS/CL-3302"; that she "was aware of Mr. Harmon's complaint regarding potential misconduct against an attorney"; and that, based on her staff's recommendation and influence, she "allowed attorney Karl Emmanuel Pulley to continue to exercise the same behavior." (ECF No. 1, at 1–2.)

The plaintiff asserts that he suffers a "loss of qualify of life" since he no longer trusts that bar associations and disciplinary boards conduct "sincere investigations." (*Id.* at 2.) He seeks damages in the amount of $15,000.

**III.    Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The plaintiff has the burden of pleading and providing jurisdiction, *Kokkonen*, 511 U.S. at 377, and the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The plaintiff here does not identify the basis for the Court's jurisdiction, nor does he identify the defendant. The Court nonetheless takes judicial notice that defendant Beverly Sharpe is the Director of the Consumer Assistance Program ("CAP") of the Tennessee Board of Professional Responsibility and as such is charged with assisting individuals with questions or problems with their attorney.

Thus, insofar as the plaintiff's complaint might be construed to assert a claim under state law against defendant Sharpe, the Court lacks jurisdiction over any such claim. Under 28 U.S.C. § 1332, the Court may exercise jurisdiction over state-law claims only where the dispute is between citizens of different states and the amount in controversy is greater than $75,000. The plaintiff fails to show that either criterion is met in this instance. The Court therefore lacks diversity jurisdiction over any state-law claim.

Nor has the plaintiff alleged facts suggesting that his claims arise under federal law. Insofar as he may be attempting to assert a claim against Sharpe under 42 U.S.C. § 1983, which provides a vehicle for vindicating alleged violations of a plaintiff's federal constitutional rights, the attempt fails. To state a colorable claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. In this case, the plaintiff has not established that the defendant is a person who acts under color of state law, and he has not identified what federal constitutional right has been violated.

**IV.     Conclusion**

Accordingly, the Court finds that the complaint fails to state a claim for which relief may be granted in this Court. Any potential state-law claims will be dismissed without prejudice, and any potential federal claims will be dismissed with prejudice. An appropriate order is filed herewith.


_____
Todd Campbell
United States District Judge