IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS ORLANDO HARMON, #543208, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0754 |
| ) | |
| BEVERLY P. SHARPE, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

## ORDER

Louis Orlando Harmon, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint against defendant Beverly P. Sharpe. (ECF No. 1.) The Court previously entered a deficiency order (ECF No. 2) in this action based on the plaintiff's failure to pay the filing fee or submit an application to proceed *in forma pauperis*. The Court now takes judicial notice of the filing of an application to proceed *in forma pauperis* filed in a related case instituted by the same plaintiff, *Harmon v. White*, No. 3:15-cv-0722 (ECF No. 18). Because it appears from his submission that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the plaintiff is **GRANTED** leave to proceed *in forma pauperis*.

A.  **Assessment of the Filing Fee**

Under 28 U.S.C. § 1915(b), the plaintiff nonetheless remains responsible for paying the filing fee in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Northwest Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.** **Initial Review of the Complaint**

Having conducted the initial review required by the PLRA, as set forth in the accompanying Memorandum Opinion, the Court finds that the complaint fails to state a claim for which relief may be granted by this Court. Any potential state-law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and any potential federal claims are **DISMISSED WITH PREJUDICE** for failure to state a colorable claim. This action is **DISMISSED** in its entirety.

It is so **ORDERED**.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

Todd Campbell
United States District Judge